**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DEW, | : |
| Plaintiff, | : Civ. No. 22-1136 (GC) (DEA) |
| v. | : |
| CHARLES ELLIS, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**CASTNER, U.S.D.J.**

Plaintiff is a state prisoner proceeding *pro se* with a Second Amended Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 6). Previously, this matter was administratively terminated as Plaintiff failed to pay the filing fee or apply for *in forma pauperis* status. (*See* ECF 7).

On May 6, 2022, Plaintiff applied for *in forma pauperis* status. (*See* ECF 11). Accordingly, the Clerk will be ordered to reopen this case. Leave to proceed without prepayment of fees is authorized such that Plaintiff's application for *in forma pauperis* status will be granted. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the Second Amended Complaint will be screened in due course.

Therefore, IT IS on this 13th day of May, 2022,

**ORDERED** that the Clerk shall reopen this case; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 11), is granted; and it is further

**ORDERED** that **SUMMONS SHALL NOT ISSUE** at this time as the Court's *sua sponte* screening has not yet been completed; and it is further

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Second Amended Complaint to proceed; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the New Jersey Attorney General's Office and the warden of the Bayside State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from

Plaintiff's account, and forward to the Clerk payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

**ORDERED** that the Clerk shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

*/s/ Georgette Castner*
GEORGETTE CASTNER
United States District Judge

3