<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DEW, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES ELLIS, *et al.*, <br><br> Defendants. | Civil Action No. 22-01136 (GC) (DEA) <br><br> **MEMORANDUM ORDER** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court upon, *first*, several docket notices that mail sent to Plaintiff John Dew was returned as undeliverable, and *second*, Dew's nonresponse to the Clerk of Court's notice of call for dismissal. (ECF Nos. 21, 23, 24, 25.) For the reasons stated below, and other good cause shown, this case is **DISMISSED** without prejudice, and Dew has 30 days from the date of this Memorandum Order to update his address and respond to the notice of call for dismissal. If Dew fails to do both, this case will automatically become dismissed with prejudice.

In March 2022, Dew initiated this action. (ECF Nos. 1, 2.) That month, Dew filed a notice of address change from a P.O. Box in Trenton, New Jersey, to a P.O. Box in Somerville, New Jersey. (ECF No. 3.) In April, Dew notified the Court of his address change from the P.O. Box to the Somerset County Jail in Somerville, New Jersey (ECF No. 5), then to a jail in Leesburg, New Jersey (ECF No. 9). Also that month, Dew filed a second amended complaint. (ECF No. 6.)

In May, the Court granted Dew's application to proceed *in forma pauperis* subject to the Court's later screening the second amended complaint. (ECF No. 12.) Dew then notified the Court of another address change to a jail in Newark, New Jersey. (ECF No. 13.)

The Court, after *sua sponte* reviewing the second amended complaint, dismissed several of Dew's claims and let others proceed. (ECF Nos. 15, 16.) Copies of the Court's Opinion and Order were mailed to Dew, but the mail was returned as undeliverable. (Docket Sheet entry dated May 31, 2023; ECF No. 18.)

In July 2023, the Court administratively terminated this case for Dew's failure to update his address in violation of Local Civil Rule 10.1, which requires parties to keep this Court advised of their current addresses. (ECF No. 19.) The Court said that if Dew updated his address within 30 days, it would reopen the case. (*Id.*) That month, Defendants County of Mercer, Warden Charles Ellis, and Deputy Administrator Asa Paris advised the Court that Dew's last known address was one in Brick, New Jersey. (ECF No. 20.) The Court then directed the Clerk of Court to reopen this case and mail the undelivered mailings to Dew's Brick address. (ECF No. 21.) And still, that mail and a subsequent mailing were returned as undeliverable. (ECF Nos. 23, 24.)

After the case idled for three months, the Clerk of Court entered a notice of call for dismissal under Local Civil Rule 41.1(a). (ECF No. 25.) Shortly after, Defendants advised the Court that Dew's whereabouts were unknown, and asked the Court to dismiss the case for lack of prosecution under Local Civil Rule 41.1(a). (ECF No. 26.)

The Court will now discuss its decision to so dismiss.

Courts in this District have *sua sponte* dismissed cases with prejudice for plaintiffs' failure to prosecute, under Federal Rule of Civil Procedure ("Rule") 41(b) and Local Civil Rule 41.1(a). *See, e.g.*, *Ojeniyi v. Franklinville Twp.*, Civ. No. 19-14568, 2021 WL 2530723 (D.N.J. June 21, 2021) (dismissing the plaintiff's case under Rule 41(b) for noncompliance with L. Civ. R. 10.1); *Roy v. Trident Ins. Agency*, Civ. No. 14-6369, 2015 WL 5822783 (D.N.J. Oct. 2, 2015) (*sua sponte*

dismissing the case with prejudice for the plaintiff's failure to correct pleading deficiencies identified in a prior opinion).

In deciding whether to dismiss under Rule 41(b), the Court employs a two-step analysis. First, the Court determines whether the plaintiff has indeed "fail[ed] to prosecute" his or her case. If yes, the Court then determines whether dismissal is warranted under the "*Poulis* factors." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also Roy*, 2015 WL 5822783, at *1 (analyzing the *Poulis* factors for a *sua sponte* dismissal).

At the first step, "'[f]ail[ure] to prosecute' can be purely passive, as when a plaintiff 'does nothing' on a persistent-enough basis." *Russo v. Gov't Emps. Ins. Co.*, — F. Supp. 3d —, Civ. No. 21-17234, 2023 WL 8595907, at *5 (D.N.J. Dec. 11, 2023) (quoting *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994)) (cleaned up in *Russo*).  To find that a plaintiff's "simple inaction" counts as a Rule 41 failure to prosecute, the Court must have "a full understanding of the surrounding facts and circumstances." *Id.* (quoting 8 Moore's Federal Practice - Civil § 41.51 (2023); then *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)); *see also In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) ("[N]o precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination." (citation omitted)).

Dew has not followed this District's local rules, nor has he responded to this Court's orders enforcing those rules.

Our local rules require unrepresented parties to "advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with

the Clerk." L. Civ. R. 10.1(a). Since his release from the Newark jail, Dew has not updated his address. By its July 2023 Order, the Court administratively terminated this case for Dew's noncompliance with Local Civil Rule 10.1 and gave Dew extra time to update his address. (ECF No. 19.) The case was reopened only after Defendants, not Dew, provided Dew's last known address. (ECF Nos. 20, 21.) In fact, since May 13, 2022, Dew has not acted at all to advance this case. (*See generally* Docket Sheet.) Dew's inaction led to the Clerk of Court's notice of call for dismissal, which was returnable on December 20, 2023, and to which Dew never responded. (ECF No. 25.) Taken together, these facts establish Dew's failure to prosecute.

The Court turns to the second step. The *Poulis* factors are these:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> [*Hildebrand*, 923 F.3d at 132 (quoting *Poulis*, 747 F.2d at 868).]

All but one of these factors support dismissal.

First, Dew is a plaintiff *pro se*, so he is personally responsible for his delays and failure to follow our local rules and orders. *See Ojeniyi*, 2021 WL 2530723, at *2 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." (quoting *Briscoe*, 538 F.3d at 258-59)).

Second, Dew's inaction in his own case prevents Defendants from resolving this matter on the merits. *See Roy*, 2015 WL 5822783, at *2 (finding prejudicial a defendant's inability to "work toward a resolution of this matter on the merits").

Third, Dew has not participated at all in the case since May 2022, more than 600 days or nearly 20 months ago. In consequence, Dew did not follow the Court's July 2023 Order that he update his address (ECF No. 19) or the Clerk of Court's call for dismissal requiring that he "show good cause by affidavit setting forth what good faith efforts to prosecute this action have been made and what further efforts are intended" (ECF No. 25). These inactions demonstrate a history of dilatoriness. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." (citations omitted)); *Russo*, 2023 WL 8595907, at *9 (collecting cases where periods of delay ranging 14 to 27 months favored dismissal under the third *Poulis* factor).

Fourth, the record does not suggest that Dew has acted in bad faith. It does, however, show that Dew has acted willfully. Dew has not updated his address since he last updated it on May 13, 2022 — more than 600 days ago. (ECF No. 13.) Since then, Dew has not contacted the Court or otherwise attempted to prosecute his case. Measured against his early diligence in noticing his address changes (*see* ECF Nos. 3, 5, 9, 13) — several times while he was incarcerated — Dew's recent inaction demonstrates his willful failure to prosecute.

Fifth, the Court has several available sanctions other than dismissal: "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees[,] or the preclusion of claims or defenses." *Roy*, 2015 WL 5822783, at *2 (quoting *Hayes v. Nestor*, Civ No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013)). But here, Dew has not responded to the Court's warnings of dismissal. And because Dew is proceeding *pro se* and *in forma pauperis*, monetary sanctions will not compel him to act. *See Briscoe*, 538 F.3d at 262-63 ("[W]here a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary

5

sanctions, including attorney's fees, 'would not be an effective alternative.'" (citation omitted)). The Court therefore finds that no alternative sanctions other than dismissal exist.

Sixth, and finally, because Dew has not prosecuted this case beyond filing his initial pleadings, the Court has only its *sua sponte* screening under 28 U.S.C. § 1915 to assess the case's merits. Since part of Dew's complaint survived that screening (*see* ECF Nos. 15, 16), the *merits* factor weighs neutrally here. *See Ojeniyi*, 2021 WL 2530723, at *1-2 (finding the sixth *Poulis* factor neutral where the plaintiff proceeding *in forma pauperis* "failed to take any steps to pursue his claims beyond the filing of the initial Complaint," some of whose claims were dismissed at the screening stage).

In sum, five of the six *Poulis* factors favor dismissal under Rule 41(b). The Court need not notify Dew that his case may be dismissed. Still, the Court will dismiss this case without prejudice and give Dew a final 30 days to respond to this Memorandum Order. If Dew does not timely respond, this dismissal without prejudice will automatically, without further Court order, become a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."); *see also Linares v. Costco Wholesale Corp.*, Civ. No. 19-18174, 2022 WL 2479128, at *1 (D.N.J. July 5, 2022) (warning that the plaintiff's failure to move to reopen the case will automatically convert the dismissal without prejudice to one with prejudice).

For the reasons set forth above, and other good cause shown,

**IT IS** on this 10th day of January 2024 **ORDERED** as follows:

1. Plaintiff Dew's complaint (ECF No. 6) is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to **CLOSE** this case.

3. This case may be reopened if Dew responds to this Memorandum Order in writing within 30 days after the Order's date.

4. If Dew fails to respond within 30 days, this dismissal without prejudice **shall automatically become a dismissal with prejudice** for Dew's failure to prosecute under Federal Rule of Civil Procedure 41.  *See, e.g., Bricker v. Turner*, 396 F. App'x 804, 804 n.1 (3d Cir. 2010) (per curiam) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute).

5. The Clerk of Court is directed to mail Dew a copy of this Memorandum Order at the address on file via overnight, certified mail.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE